United States v. Zapatero Did you come down here to experience the spring weather, Mr. Johnson? It was lovely yesterday, cooler than I was expecting today. Yeah, it's 10 below, I'm told. Well, I'll be headed back there soon. Me too. An issue in this appeal from the denial of a two-point reduction is whether a sentence credit applied pursuant to 5G 1.3b of the sentencing guidelines can be taken into account when determining whether a reduction is possible, and then also whether Judge Sessions, in fact, granted such a sentence credit. And our view, supported by the cases we cite, is that a sentence credit applied pursuant to 5G 1.3 is an adjustment to the term of imprisonment rather than a departure or a variance. And so it may be taken into account when determining the extent of an amended sentence, and therefore doesn't run afoul of the rule requiring that the amended sentence be within the amended guideline range. Mr. Johnson, I want you to address the threshold issue of whether or not the district judge here even applied 5G 1.3. It seems that at the sentencing, the judge did not reference 5G 1.3 in reaching the sentence and actually said that it was academic in the decision on the 3582 motion, said I wasn't relying on 5G 1.3. And, in fact, if he was relying on 5G 1.3 in the sentence, he would have credited the time back to December 17th, which was the time of the New York arrest. If he's giving credit for all the time already in because they're related, on the 5G 1.3, it should have gone back to December, and the district judge did not do that. So why doesn't all of those things indicate we're not even talking about 5G 1.3 here? I think we are. I think the confusion stems in part from the fact that Judge Sessions backdigged the start of the sentence rather than making it a- Which you don't do under 5G 1.3, right? You're not supposed to, but this undisputably, I think, is a credit for time served on- Why don't you answer why? In fact, he was trying to do 5G 1.3, but just did it the wrong way. Why didn't he credit back to December 17th when the defendant started- Arguably, that was error that Mr. Zapatero and his attorney could have raised on appeal, but they didn't. Why isn't it an indication that he wasn't applying 5G 1.3? He was just trying to figure out ultimately how much, what the fair sentence should be given and how much time he'd already been in. I think it fits all the 5G 1.3 criteria. This is a related case. There's no dispute. The government agrees it's a related case. He, in fact, gets this credit. This is credit for time served that the BOP wouldn't have credited him for. And ultimately, he returns to court two years later and says, Hey, the BOP isn't crediting me for this time served on this related case. Please amend the judgment. And the parties agree to do that, and the judge agrees to amend the judgment. Could you also do that under 5K 2.23 as a departure? At an initial sentencing. I'm not talking about under 3582. On initial sentencing, couldn't a judge downweigh the part for similar reasons? So that would have dealt with a discharged term of imprisonment. We're talking about an undischarged term of imprisonment on a related case, and that's we fit all that criteria. Judge Sessions doesn't expressly say I'm granting this credit under 5G 1.3, but the inference is there because the government at sentencing expressly argues he should get no credit under 5G 1.3. You shouldn't even run these sentences concurrent. And Judge Sessions expressly disagrees with that, does run the sentences concurrent, and then does grant that credit. Arguably he should have granted it more, another two months. Another reading is he just decided I'm going to do this. Forget about 5G 1.3. This is what I want to do. I'm going to do it the way I want to do it. And then when 5G 1.3 was raised, he looked at it and said that's just another two months under 5G.3. That's academic. I don't care about 5G.3. In my own way of doing it, I'm getting very close to that. Isn't that one reading of what he actually did? I don't think so because 5G 1.3, of course, is mandatory. You're required to do it. And it happened. And what happened fits all of the 5G 1.3 criteria. Except that he didn't do it right. Well, he didn't do it the way the court has told it to. By negging out the reduction rather than backdating it. And clearly that's something that counsel maybe should have raised on appeal. And he might have gotten another two months off. But we're here now. Those mistakes were made. It fits all of the criteria of 5G 1.3. And it can be taken into account when you're determining the extent of a reduction. The Eighth Circuit addressed a case similar to this, right, in Helm? Yes. Do you want to address that? I mean, why did they get it wrong? For a couple reasons. They don't, we think, fully distinguish between eligibility on the one hand and the extent of a reduction. And I think that's an important issue. Because eligibility is a very narrow question under 1B 1.10. And it should simply turn on whether the guideline range goes down as a result of the amended or retroactive amendment. Here, Mr. Zapatero's guideline range goes down. It was 210 to 262 months. Now it's 168 to 210 months. It's a separate question. And the 1B 1.10, you know, in its design, separates this into a Subsection A and a Subsection B. Subsection A is eligibility. Subsection B is the extent of a reduction. The Eighth Circuit also doesn't, seems to run afoul of the basic rule that you keep everything else the same. And if you're not applying the sentence credit, this credit that's not a departure and not a variance, you're not keeping it the same. And this is a very basic part of the actual sentence imposed. We think the courts in Molloy and Abrao, I think, are much more persuasive decisions. I see my time as. Thank you. You've reserved three minutes for rebuttal. Mr. Willig, good morning. Good morning, Your Honor. May it please the Court, I am Spencer Willig and I represent the United States. The appellant in his briefing in today is raising issues regarding the structure and format and nuts and bolts of his original sentence, which essentially invite the Court to reopen the sentencing. But as counsel has acknowledged, this is not a direct appeal of that sentence. His appeal concerns only his eligibility for a sentence reduction within the very narrow bounds of a Section 3582c2 proceeding. The remedy he invoked below doesn't allow for plenary resentencing. It's a limited tool designed to make precise surgical adjustments to one aspect of a guideline calculation, retroactive changes to the offense level. And it's a tool that cabins the district court's discretion, as the district court below has judged Sessions appropriately recognized. Barring any reduction below the lower bound of the amended guideline range, the court was required to calculate under the Supreme Court's decision in Dillon and Section 1B1.10 of the guidelines. And the guidelines design the mechanics of the 3582c2 proceeding intentionally to be very simple. The district judge applies 1B1.10 to determine whether and to what extent the defendant is eligible for a reduction. It does so by applying the guidelines amendment, calculating an amended range, leaving all other guideline decisions frozen as they were at the original sentence. And if any reduction is authorized, the district court's discretion to apply a reduction is limited by the bottom of the amended range. Here, the district court followed those steps. It applied Amendment 782, which retroactively reduced the appellant's offense level by two points. It correctly calculated an amended guideline range. That mathematical operation lowered the appellant's range from 210 to 262 months down to 168 to 210 months. And at that point in the analysis, all that was left for Judge Sessions to do was to make a mechanical comparison of the judgment, 168 months, with the bottom of the amended range, 168 months. And so to the extent the defendant was technically eligible under Part A of the 1B1.10 formula, he was eligible for a reduction of zero months, and that that is simply the end of the analysis, as Judge Sessions correctly found. In order to circumvent the strict limits of 1B1.10b2a, the defendant either or the appellant here, rather, has to either inflate the sentence or deflate the bottom of the amended range. And just very briefly, I'd touch on the reasons why both are impossible. In terms of deflating the range, the sentencing floor is set under the 1B1.10b2 process. And as the Eighth Circuit correctly reasoned, both in White and then again in Helm, the 5G1.3b1 credit simply doesn't enter into that analysis. The analysis is complete at step 7 of the 1B1.1a process, where the offense level and the criminal history category meet. And other adjustments or credits aren't part of calculating either a range in the first instance or an amended range. Roberts, do you think these district court decisions that have done otherwise are just wrong? Malloy, there's a Dean case in the Western District of North Carolina, you just think they're wrong? They're not distinguishable, they're just wrong, right? Yes. Wrong, all are wrong, and many of them are also distinguishable. And to touch briefly on, for example, in Abreu, the case from the Eastern District of New York, distinguishable, especially considering the defendant, the appellant's other arguments in trying to inflate the original sentence, in Abreu, although it was incorrect in following the Malloy reasoning that you could apply credits at all, in which the government takes the position that that's not part of the analysis, at least in Abreu, there was an oral pronouncement at sentencing that the overall sentence was, I believe, 72 months. So at least there, there was something in the record to suggest that the district court intended to impose a sentence above what ultimately became the bottom of the amended range. Here, the opposite is true. Judge Sessions has been consistent through sentencing, through his disposition of the 3582C2 petition, in making it very plain that he intended to apply a sentence of 168 months. Thank you, Mr. Whalen. Thank you, Your Honor. One of the problems here is that Judge Sessions hasn't been consistent. Notwithstanding his ruling on the motion, what we have here is a sentence adjustment that seems to fit all the criteria of 5G1.3. It was done incorrectly. It should have been done differently. But it also fits the cases of Abreu, but also Malloy. Malloy is interesting because that's another case where at sentencing, the judge, Judge Sharp, didn't cite 5G1.3. He, in fact, cited two other provisions. But when the motion was filed, he explained that, well, in actuality, what I meant and what I was intending to do was provide this reduction. No, but he didn't seek to justify it under the applicable wording of these provisions we're talking about. He just said this is equitable, right? He didn't explain how under 3582, where you have to refer to the amended guideline range, how you could refer to something that is not part of the range but is a credit, right? No, he didn't explain that. He just said this is the equitable thing to do. No, I think that's the logic underlying, I guess, all of these cases where it's applied is that this is an adjustment to the sentence rather than No, but that has to, it has to ignore the fact that 1B1.10 talks about the amended range being the guideline range, not the guideline range and any adjustments, right? That's the whole problem. And that's what Helm pointed out is that at step 7 under 1B1.1, you're done with the range. Everything after that is something beyond the range, right? Well, so you have to compare the range, but then there's the actual process of computing a sentence, factoring in the credits. And what we're saying is those same credits can be taken into account as part of a 3582 proceeding. So that's really the issue, isn't it? Whether they can or cannot be taken into account. That's the threshold issue. Obviously, the issue also is whether Judge Session reacted to that. For all the reasons we've said, we think this is a 5G1.3 reduction by every measure, if it's all the criteria, and we'd ask the court to reverse Judge Session's decision. Thank you. Thank you both. We'll reserve decision in this case. Thank you.